UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF
AMERICA,

v.   CASE NO. 8:02-CR-111-T-17MAP

JOSEPH CUCINIELLO.

_____/

ORDER

This cause is before the Court on:

Dkt. 1550 Motion for Intervention

Defendant Cuciniello requests that this Court enter a stay as to actions by the Bureau of Prisons to collect restitution under the Inmate Financial Responsibility Program that Defendant contends adversely impact his health and constitute cruel and unusual punishment. Defendant is in custody in Butner Low Correctional Institution.

This Court sentenced Defendant on September 16, 2005. A Second Amended Judgment was entered on April 5, 2006 (Dkt. 1521). The Second Amended Judgment directs an immediate special assessment of $2800 and restitution payments of either $25 quarterly if defendant has a non-Unicor job or at least 50% of earnings if defendant has a Unicor job.

Defendant is seeking an injunction to prevent the BOP from taking actions which subject Defendant to cruel and unusual punishment. The Court denies the Motion for Intervention, which is deemed a request for a preliminary injunction. Defendant is required to exhaust administrative remedies before seeking

Case No. 8:02-CR-111-T-17MAP

injunctive relief.  See Irwin v. Hawk, 40 F.3d 347, 349 n. 2 (11th Cir. 1994).  Defendant has not exhausted the administrative remedies available to him.

The Court also notes that participation in the Inmate Financial Responsibility Program is voluntary.  If an inmate refuses to participate in the IFRP or fails to comply with his financial plan, the inmate is denied certain incentives which are reserved for participating inmates.  See Booker v. Wetzel, 2005 WL 3018670 (N.D. Fla. 2005).  The IFRP has been upheld as constitutional.  See McGhee v. Clark, 166 F.3d 884 (7th Cir. 1998).

The Second Amended Judgment reveals that this Court set the timing and amounts of payment of restitution.  There was no improper delegation to the BOP.  Accordingly, it is

ORDERED that the Motion for Intervention is **denied** for failure to exhaust administrative remedies.

Case No. 8:02-CR-111-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 8th day of June, 2006.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record