UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:02-CR-111-T-17MAP

JOSEPH CUCINIELLO.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 1999 | Motion for Reconsideration re [572] Order on Motion to Revoke |
| Dkt. 2007 | Motion for Miscellaneous Relief, Specifically For Estimated Date for Ruling re [1999] Motion for Reconsideration re [572] Order on Motion to Revoke |
| Dkt. 2010 | Motion to Dismiss or Stay |
| Dkt. 2012 | Motion to Strike |
| Dkt. 2013 | Motion for Relief From Judgment |
| Dkt. 2015 | Motion for Release From Custody |

Defendant Joseph Cuciniello, pro se, has requested reconsideration of the Amended Order of Release and Conditions of Release (Dkt. 572) due to fraud on the Court "which has caused the continual abuse of the children in foster care."

I. Background

Defendant Cuciniello was arrested on December 16, 2002 (Dkt. 55), and released on bond. (Dkt. 49).

Case No. 8:02-CR-111-T-17MAP

On October 7, 2004, the Government moved to revoke Defendant Cuciniello's Order fo Release, and requested pretrial detention. Defendant Cuciniello opposed the Government's Motion. The Magistrate Judge conducted an evidentiary hearing on November 9, 2004 (Dkt. 566). An Amended Order of Release (Dkt. 572) was entered; the Court found that the Government established by clear and convincing evidence that Defendant Cuciniello violated the conditions of his release providing that "the Defendant must not engage in any manner directly or indirectly in the sale of securities of any kind during the period of his release." The Court modified its Order of Release, directing Defendant Cuciniello to comply with the original conditions of release, restricting Defendant Cuciniello to home detention, and vacating the previous Order permitting travel. (Dkt. 204).

Defendant Cuciniello appealed the Amended Order of Release to the undersigned. (Dkts. 578, 579). The Court affirmed the Amended Order of Release and denied Defendant's Motion for Revocation. (Dkt. 603).

After a jury trial, Defendant Cuciniello was convicted on multiple counts of the Second Superseding Indictment, and found not guilty on other counts. (Dkt. 979, Jury Verdict). A separate Special Verdict for Forfeiture was entered. (Dkt. 987).

On September 16, 2005, Defendant Cuciniello was sentenced. (Dkts. 1179, 1183). Prior to sentencing, the Government filed a Motion for Upward Departure (Dkt. 1170), which the Court granted in part at sentencing.

A First Amended Judgment (Dkt. 1286), and a Second Amended Judgment (Dkts. 1516, 1521) were entered to correct clerical errors in the Judgment.

Defendant Cuciniello appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. (Dkt. 1185). The Eleventh Circuit affirmed Defendant Cuciniello's conviction and sentence. (Dkt. 1871, Mandate).

Defendant Cuciniello began serving a term of imprisonment on October 18, 2005, and remains in custody.

II. Discussion

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam). [F]ederal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

Dkt. 1999    Motion for Reconsideration

Defendant Cuciniello's Motion is directed to the Order controlling Defendant Cuciniello's pretrial release. Defendant Cuciniello remains in custody pursuant to the jury verdict and final judgment imposing a term of imprisonment, a term of supervised release, restitution and a special assessment fee.

Defendant Cuciniello asserts that the Government committed fraud on the Court in order to pressure Defendant Cuciniello into pleading guilty, and to give false statements against co-Defendant Gregory Schultz. Defendant Cuciniello further asserts that Defendant Cuciniello's sentence was enhanced

Case No. 8:02-CR-111-T-17MAP

in that Defendant was given a two-level upward departure on an obstruction of justice charge that Defendant did not commit. Defendant Cuciniello asserts that the Government continued its fraud on the Court by giving the same allegedly false statements in Defendant's appeal.

Defendant Cuciniello asserts that Defendant requested that the BOP file a Motion for Modification of Imposed Term of Imprisonment under 18 U.S. Sec. 3582(c)(1)(A)(i)(ii), but the BOP refused to do so.

Defendant Cuciniello asserts that there is no time limitation on "Fraud on the Court" and Petitioner is now in custody under false imprisonment. Defendant Cuciniello requests that the Court grant this Motion for Reconsideration, and Dismissal of the Amended Order of Release and Conditions of Release.

Dkt. 2010   Motion to Dismiss or Stay

The Government moves to dismiss Defendant Cuciniello's Motion for Reconsideration and Dismissal of the "Amended Order of Release and Conditions of Release" Due to Fraud on the Court, and to stay the Court's Order directing the Government to respond to the Motion, pending a ruling on this Motion to Dismiss.

The Government argues that Defendant Cuciniello's Motion is a second or successive Section 2255 Motion for a corrected or lesser sentence, under 28 U.S.C. Sec. 2255. The Government argues that because Defendant Cuciniello has not obtained the required certification from the Eleventh Circuit Court of Appeals, Defendant's Motion should be dismissed pursuant to 28 U.S.C. Sec. 2255(h).

4

Case No. 8:02-CR-111-T-17MAP

On March 17, 2008, the Eleventh Circuit affirmed Defendant Cuciniello's conviction and sentence. See United States v. Tyrrell, 269 Fed. Appx. 922 (11th Cir. 2008).

On May 10, 2010 (applying the mailbox rule), Defendant Cuciniello filed his first Section 2255 motion. (Dkt. 1909). The Court denied Defendant Cuciniello's Sec. 2255 motion as time-barred, finding that Defendant Cuciniello's convictions became final on December 29, 2009. (Dkt. 1929, p. 3). Defendant Cuciniello did not seek Supreme Court review of the Eleventh Circuit's opinion denying Defendant's appeal, and did not demonstrate that an exception to the one-year limitation period (equitable tolling or a claim of actual innocence based on new evidence) applied. The Court denied a certificate of appealability and denied leave to appeal IFP.

Dkt. 2012     Motion to Strike Motion to Dismiss as an Action of Subterfuge on This Court

Defendant Cuciniello responds that a Rule 60(b) motion is available to Defendant, and is not subject to the restrictive standards and procedures when the motion is based on "Fraud on the Federal Habeas Court." Defendant Cuciniello asserts that Defendant Cuciniello has only requested that this Court dismiss the Amended Order of Release and Conditions of Release, and denies that Defendant is now seeking to remove the two level enhancement for Obstruction of Justice.

Dkt. 2013     Rule 60(d)(3) Motion; Fraud on the Court

Defendant Joseph Cuciniello, pro se, asserts that he is filing an independent action under Fed. R. Civ. P. 60(d)(3), seeking to set aside the judgment for fraud on the Court, and to reopen the sentencing phase. Defendant Cuciniello states that this Motion addresses the "non-merits aspect of the federal sentencing

5

proceeding, alleging a defect in the integrity of the proceeding wherein an officer of the Court perpetrated a fraud on the Court."

Defendant Cuciniello incorporates Defendant's prior Motion and exhibits (Dkt. 1999), and the Government's Motion to Dismiss (Dkt. 2010). Defendant Cuciniello asserts that he has demonstrated by clear, un-equivocal and convincing evidence that there was: 1) intentional fraud; 2) by an officer of the Court; 3) which was directed at the Court itself, and 4) in fact deceived the Court by stating at Defendant's sentencing proceeding that Defendant, while under Indictment, set up and ran another investment scam company named Retrieval Technologies Corporation (RTC), and involved family members as well.

Defendant Cuciniello asserts that the Government intentionally did not inform the Court that one month prior to the sentencing proceeding, the grand jury refused to issue a "True Bill" on the Government's allegations. Defendant Cuciniello further asserts that AUSA Trezevant gave false statements to the sentencing Judge, which resulting in a two-level upward departure with an "Obstruction of Justice" enhancement, in a malicious and vindictive manner. Defendant Cuciniello asserts that the Government continued its malicious and vindictive conduct during the appeal phase, which resulted in the decision of the Eleventh Circuit Court of Appeals to affirm Defendant's sentence.

Defendant Cuciniello asserts that this Motion should not be construed as a successive Sec. 2255 Petition, but a properly presented Rule 60(d)(3) Motion. Defendant Cuciniello further asserts that he should be entitled to equitable tolling if there are any limitation periods.

Defendant Cuciniello requests that this Court reconsider the four level upward departure pursuant to USSG Sec. 3C1. 1(1998), and strike the two level

Case No. 8:02-CR-111-T-17MAP

increase in offense level pursuant to USSG Sec. 3C1.1 (1998) for "Obstruction of Justice" as both enhancements were based on the alleged false statements of AUSA Trezevant.

Dkt. 2015    Motion for Immediate Release from Custody Due to Time Served

Defendant Cuciniello requests immediate release from custody, based on Defendant's prior Motions.

A.    Dkt. 1999    Motion for Reconsideration

Defendant Cuciniello's Motion is directed to the Court's Order on Defendant Cuciniello's pretrial release. Defendant Cuciniello is now in custody serving a term of imprisonment following a jury verdict of guilty on multiple Counts, and sentencing.

The Government has moved to dismiss Defendant's Motion for Reconsideration, arguing that Defendant Cuciniello's Motion is a second or successive Section 2255 Motion for a corrected or lesser sentence, under 28 U.S.C. Sec. 2255. The Government argues that because Defendant Cuciniello has not obtained the required certification from the Eleventh Circuit Court of Appeals, Defendant's Motion should be dismissed pursuant to 28 U.S.C. Sec. 2255(h).

Defendant Cuciniello has moved to strike the Government's Motion to Dismiss, denying that Defendant is seeking to remove the "Obstruction of Justice"

Case No. 8:02-CR-111-T-17MAP

enhancement from Defendant's sentence.

To the extent that Defendant Cuciniello's Motion is directed only to Defendant's pretrial release, Defendant's Motion is moot. Defendant's pretrial release is over. Defendant Cuciniello is in custody pursuant to Defendant's conviction and sentencing.

After consideration, the Court denies Defendant's Motion for Reconsideration as moot.

B.  Dkt. 2013    Rule 60(d)3 Motion; Fraud on the Court

The Court notes that Defendant Cuciniello filed a separate Motion (Dkt. 2013) pursuant to Fed. R. Civ. P. 60(d), which does seek to "reopen the sentencing phase" and which incorporates Defendant's initial Motion and exhibits (Dkt. 1999), and Defendant's Motion to Strike the Government's Motion to Dismiss. (Dkt. 2012).

Because Defendant has incorporated Defendant's Motion to Strike (Dkt. 2012), the Court will consider the Government's Motion to Dismiss. (Dkt. 2010).

Defendant requests that the Court reconsider the four-level upward departure pursuant to USSG Sec. 3C1.1(1998), and strike the two-level increase in offense level pursuant to USSG Sec. 3C1.1 (1998) for "Obstruction of Justice" as both enhancements were based on the alleged false statements of AUSA Trezevant.

Defendant Cuciniello relies on <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005) in arguing that the initially the Court must determine whether the Court should construe a Rule 60 motion as a successive 2255 motion. (Dkt. 2013, p. 3). In <u>Gonzalez v. Crosby</u>, the Supreme Court considered only the extent to which

Case No. 8:02-CR-111-T-17MAP

Rule 60(b) applies to habeas proceedings under 28 U.S.C. Sec. 2254, which governs federal habeas relief for prisoners convicted in state court, and noting that federal prisoners generally seek postconviction relief under Sec. 2255, which contains its own provision governing second or successive applications. 545 U.S. at 528, n. 3. In Gilbert v. U.S., 640 F.3d 1293, 1323 (11th Cir. 2011), the Eleventh Circuit Court of Appeals found that:

> The petitioner in *Gonzalez* was a state prisoner trying to get around the § 2244(b) bar, not a federal prisoner like Gilbert trying to get around the § 2255(h) bar, and the Supreme Court did explicitly limit its consideration to state prisoner cases. See id. at 529 n. 3, 125 S.Ct. at 2646 n. 3. Although § 2255(h) is not identical in all respects to § 2244(b), it is close enough that the relationship between each of those two provisions and Rule 60(b) should be the same. Both of those AEDPA provisions further finality interests by severely restricting second or successive collateral attacks on judgments in criminal cases. The operation and effect of both provisions would be undercut if new claims could be brought or old claims could be relitigated through the simple expedient of slapping a Rule 60(b) label on what is in all other respects a second or successive petition or motion.
>
> We join every other circuit that has addressed the issue in concluding that the standard announced in Gonzalez applies to federal prisoner cases as well....(Citations omitted).

If a motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original Sec. 2255 claims on the merits, then the Court should construe the Rule 60 motion as a second or successive Sec. 2255 motion and dismiss it accordingly; when a Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the Court should not treat the Rule 60 action as a successive Sec. 2255 motion. Gonzalez, 545 U.S. at 532-33.

9

Case No. 8:02-CR-111-T-17MAP

Defendant Cuciniello's Motion seeks relief from the underlying judgment of conviction and sentence; the Court therefore construes Defendant's Motion as a successive Sec. 2255 motion. Because Defendant Cuciniello has not received certification from the Eleventh Circuit Court of Appeals authorizing this Court to to consider a successive Sec. 2255 motion, the Court lacks jurisdiction to consider Defendant Cuciniello's claim.

Defendant Cuciniello has requested that the Court construe Defendant's Motion as an independent action alleging fraud on the district court and appellate court. Defendant Cuciniello further asserts that he is entitled to equitable tolling.

"Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co.., 573 F.2d 1332, 1338 (5th Cir.1978). The movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. Rozier, 573 F.2d at 1338. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." Booker v. Dugger, 825 F.2d 281, 284–85 (11th Cir.1987) (quotation omitted).

The only basis for Defendant's claim of fraud on the court is the Government's alleged failure to disclose secret grand jury proceedings. This is not the same as "the fabrication of evidence by a party in which an attorney is implicated." Fraud on the court, for purposes of Rule 60(d)(3), is not a mere failure of counsel to present certain issues and arguments. The Government filed its Motion for Upward Departure, and Defendant's counsel had the opportunity to respond to it at sentencing.

10

Case No. 8:02-CR-111-T-17MAP

As to equitable tolling, in connection with Defendant Cuciniello's first Sec. 2255 motion, the Court found that Defendant Cuciniello did not satisfy the burden of demonstrating that equitable tolling is appropriate in this case. (Dkt. 1929-1, p. 9). Defendant Cuciniello has not alleged any circumstances that demonstrate that equitable tolling is appropriate as to Defendant's later Motions. Accordingly, it is

**ORDERED** that:

1. Pro Se Defendant's Motion for Reconsideration (Dkt. 1999) is **denied** as moot;

2. Pro Se Defendant's Rule 60(d)(3) Motion (Dkt. 2013) is construed as a successive Sec. 2255 Motion, and is **denied** pursuant to 28 U.S.C. Sec. 2255(h); Defendant Cuciniello has not obtained the required certification from the Eleventh Circuit Court of Appeals;

3. The Government's Motion to Dismiss and Stay (Dkt. 2010) is construed as a response to Defendant's Rule 60(d)(3) Motion (Dkt. 2013) and is **granted**;

4. Pro Se Defendant's Motion to Strike (Dkt. 2012) is **denied**;

5. Pro Se Defendant's Motion for Immediate Release From Custody (Dkt. 2015) is **denied**;

6. Pro Se Defendant's Motion for Estimated Date of Ruling (Dkt. 2007) is **denied** as moot.

Case No. 8:02-CR-111-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 25th day of July, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

<u>Pro</u> <u>Se</u> Defendant:

Joseph Cuciniello
40774-018
Federal Prison Camp
P.O. Box 1000
Butner, NC   27509